SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
UZZY SIERRA,

                Plaintiff,

-against-

DAVID EISENBERG and DENNIS GUNN,

                Defendants.
------------------------------------------------------------------X

**S U M M O N S**

Index No.:

Date Purchased:

**PLAINTIFF DESIGNATES SUFFOLK COUNTY AS PLACE OF TRIAL**
**BASIS OF VENUE IS PLAINTIFF'S RESIDENCE**

YOU ARE HEREBY SUMMONED to answer the Complaint in this action by serving your answer on plaintiffs' attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer or appear, Judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:     Mineola, New York
              September 24, 2019

PLAINTIFF'S ADDRESS:

UZZY SIERRA
1570 Sixth Street
West Babylon, N.Y.

DEFENDANTS' ADDRESSES:

DAVID EISENBERG
2733 Claudia Court
Bellmore, N.Y.

DENNIS GUNN
42 Chernucha Avenue
Merrick, N.Y.

Yours, etc.
The Law Offices Of
**KENNETH J. READY & ASSOCIATES**

_(signature)_

BY: **KENNETH J. READY**
Attorneys for Plaintiff(s)
1565 Franklin Avenue
Mineola, N.Y. 11501
516-741-6800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
UZZY SIERRA,

        Plaintiff,

-against-

DAVID EISENBERG and DENNIS GUNN,

        Defendants.
------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index No.:

Date Purchased:

Plaintiff, UZZY SIERRA, by her attorneys, KENNETH J. READY & ASSOCIATES, complaining of defendants, DAVID EISENBERG and DENNIS GUNN, sets forth and alleges as follows:

1. At all times relevant hereto, plaintiff, UZZY SIERRA, was a resident of the State of New York, County of Suffolk.

2. At all times relevant hereto, defendant, DAVID EISENBERG, was a resident of the State of New York.

3. At all times relevant hereto, defendant, DENNIS GUNN, was a resident of the State of New York.

4. At all times relevant hereto, defendant, DAVID EISENBERG, was the registered owner of a 2005 35-foot Formula boat bearing New York State registration number NY-6231MD.

5. At all times relevant hereto, defendant, DAVID EISENBERG, was the title owner of a 2005 35-foot Formula boat bearing New York State registration number NY-6231MD.

6. At all times relevant hereto, defendant, DENNIS GUNN, was the registered owner of a 2005 35-foot Formula boat bearing New York State registration number NY-6231MD.

7. At all times relevant hereto, defendant, DENNIS GUNN, was the title owner of a 2005 35-foot Formula boat bearing New York State registration number NY-6231MD.

8. At all times relevant hereto, defendant, DAVID EISENBERG, his agents, servants and/or employees maintained and outfitted said Formula boat bearing New York State registration number NY-6231MD.

9. At all times relevant hereto, defendant, DENNIS GUNN, his agents, servants and/or employees maintained and outfitted said Formula boat bearing New York State registration number NY-6231MD.

10. At all times relevant hereto, the Great Peconic Bay was a navigable waterway and/or tidewater bordering on or lying within the boundaries of Suffolk County, State of New York.

11. Defendants are not entitled to invoke the limited liability provisions of CPLR Article 16 as this lawsuit falls within one or more of the exceptions set forth in CPLR Section 1602.

12. At all times relevant hereto, defendant, DENNIS GUNN, operated, managed and controlled said Formula boat with the knowledge, permission and consent of defendant, DAVID EISENBERG.

13. Pursuant to Section 48 of the Navigation Law of the State of New York, defendant, DAVID EISENBERG, an owner is liable and responsible for injuries to plaintiff, UZZY SIERRA, resulting from negligence in the use and/or

operation of said Formula boat.

14. At all times relevant hereto, the wrongdoing of defendant, DENNIS GUNN, in the use and/or operation of said Formula boat is imputed to defendant, DAVID EISENBERG.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT, DENNIS GUNN**

15. On or about September 1, 2019, defendant, DENNIS GUNN, operated, managed and controlled said Formula boat bearing New York State registration number NY-6231MD in the Great Peconic Bay, in the State of New York, County of Suffolk.

16. At all times relevant hereto, defendant, DENNIS GUNN, operated said Formula boat at a speed of 30 miles per hour or greater

17. At all times relevant hereto, defendant, DENNIS GUNN, operated said Formula boat at an unsafe speed.

18. At all times relevant hereto, defendant, DENNIS GUNN, did not possess a boating safety certification.

19. At all times relevant hereto, defendant, DENNIS GUNN, hit the wakes of several other boats without slowing speed, causing the bow to come out of and crash back into the water.

20. At all times relevant hereto, defendant, DENNIS GUNN, hit the wakes of several other boats, as described above, before coming to a stop.

21. At all times relevant hereto, defendant, DENNIS GUNN, operated said Formula boat in a manner that subjected the passengers to danger and/or risk of serious injury.

22. On or about September 1, 2019, plaintiff, UZZY SIERRA, properly was a passenger on said Formula boat operated by defendant, DENNIS GUNN.

23. On or about September 1, 2019, said Formula boat was caused violently to collide with the wakes of several other boats, causing injury to passengers, including plaintiff, UZZY SIERRA.

24. The collisions described above were caused by the negligence, carelessness and culpability of defendants, DAVID EISENBERG and DENNIS GUNN.

25. The collisions described above were caused by the wanton, intentional, grossly negligent, reckless conduct of defendant, DENNIS GUNN

26. At all times relevant hereto, defendant, DENNIS GUNN, operated said Formula boat in a manner that constituted a violation of the New York Navigation Law.

27. By reason of the foregoing, plaintiff, UZZY SIERRA, sustained serious bodily injury at the time and place described above.

28. By reason of the foregoing, plaintiff, UZZY SIERRA, sustained serious bodily injury solely due to the wrongdoing of defendants, DAVID EISENBERG and DENNIS GUNN.

29. By reason of the foregoing, plaintiff, UZZY SIERRA, has been damaged in an amount which exceeds the monetary limits of all courts having jurisdiction save the Supreme Court of the State of New York.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, DAVID EISENBERG**

30. Plaintiff, UZZY SIERRA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs as though fully set forth below.

31. On and before September 1, 2019, defendant, DAVID EISENBERG, entrusted said Formula boat to defendant, DENNIS GUNN.

32. At all times relevant hereto, defendant, DAVID EISENBERG, failed to properly instruct, train and/or educate defendant, DENNIS GUNN, on boater safety before allowing him to operate said Formula boat.

33. At all times relevant hereto, defendant, DAVID EISENBERG, failed to instruct, train or educate defendant, DENNIS GUNN, on the rules and regulations of safe boat operation before allowing him to operate said Formula boat.

34. At all times relevant hereto, defendant, DAVID EISENBERG, knew or should have known that defendant, DENNIS GUNN, was not experienced in the operation of speed boats, particularly said Formula boat.

35. Prior to September 1, 2019, defendant, DENNIS GUNN, had a history of unsafe and/or reckless operation of speed boats including such operation of said Formula boat that caused injury to plaintiff, UZZY SIERRA.

36. At all times relevant hereto, defendant DAVID EISENBERG, knew or should have known that defendant, DENNIS GUNN, was not a safe operator of

said Formula boat.

37. At all times relevant hereto, defendant, DAVID EISENBERG, knew or should have known that defendant, DENNIS GUNN, had a history of unsafe and/or reckless operation of said Formula boat.

38. On and before September 1, 2019, defendant, DAVID EISENBERG, entrusted said Formula boat to defendant, DENNIS GUNN.

39. At all times relevant hereto, defendant, DAVID EISENBERG, negligently entrusted said Formula boat to defendant, DENNIS GUNN.

40. At all times relevant hereto, defendant, DAVID EISENBERG, provided said Formula boat to defendant, DENNIS GUNN, and in so doing supplied a dangerous instrumentality that caused or contributed to the injuries sustained plaintiff, UZZY SIERRA.

41. By reason of the foregoing, plaintiff, UZZY SIERRA, has been damaged in an amount which exceeds the monetary limits of all courts having jurisdiction save the Supreme Court of the State of New York.

WHEREFORE, plaintiff, UZZY SIERRA, demands judgment against defendants, DAVID EISENBERG and DENNIS GUNN, as follows: in the First Cause of Action, in an amount which exceeds the monetary limits of all courts having jurisdiction save the Supreme Court of the State of New York; in the Second Cause of Action, in an amount which exceeds the monetary limits of all courts having jurisdiction save the Supreme Court of the State of New York; plaintiff further demands exemplary damages due to the wanton, reckless,

intentional and grossly negligent conduct of the defendant(s), DENNIS GUNN and/or DAVID EISENBERG; together with interest, costs and disbursements of this action.

Dated:    Mineola, New York
             September 24, 2019

                                      The Law Offices Of
                                      KENNETH J. READY & ASSOCIATES

                                      By: Kenneth J. Ready, Esq.
                                      Attorneys for Plaintiff
                                      1565 Franklin Avenue
                                      Third Floor
                                      Mineola, New York 11501
                                      (516)741-6800

## VERIFICATION

KENNETH J. READY, an attorney duly admitted to practice law before the courts of the State of New York, hereby affirms the truth of the following under the penalties of perjury:

Affiant is counsel to the plaintiffs, UZZY SIERRA, in the within action.

Affiant has read the foregoing SUMMONS AND VERIFIED COMPLAINT and knows the contents thereof.

The same is true of Affiant's own knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, Affiant believes them to be true.

This verification is made by Affiant and not by the Plaintiffs as Plaintiffs do not reside within Nassau County, the county where Affiant's office is located.

The grounds of Affiant's belief as to all matters not stated upon Affiant's knowledge are as follows: records, reports, documents, papers, conversations with client(s) concerning the within matter, etc.

Dated:	Mineola, N.Y.
	September 24, 2019

	_____
	KENNETH J. READY

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

UZZY SIERRA,

        Plaintiff,

-against-

DAVID EISENBERG and DENNIS GUNN,

        Defendants.

---

### SUMMONS AND COMPLAINT

---

**KENNETH J. READY & ASSOCIATES**
ATTORNEYS FOR PLAINTIFF(S)
**1565 FRANKLIN AVENUE**
MINEOLA, NEW YORK 11501
(516) 741-6800

---

To:
Attorney(s) for

---

Service of a copy of the within                        is hereby admitted.
Dated:  Mineola, New York
        September 24, 2019                         ..............................
                                      Attorney(s) for

---

        Sir: Please take notice
_NOTICE OF ENTRY_
that the within is a (certified) true copy of a
entered in the office of the Clerk of the within named
Court on                                                           20___ .
**NOTICE OF SETTLEMENT**
that an Order                       of which the within is a true copy will be
presented to the Hon.                                         , one of
the
judges of the within named Court, at
on
Dated:

**KENNETH J. READY & ASSOCIATES**
ATTORNEYS FOR PLAINTIFF(S)

To: